UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION FRANK MILLER, | No. 2:15-cv-2405 CKD P |
| Petitioner, | |
| v. | <u>ORDER</u> AND |
| R. RICKLEY, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

    Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

    Petitioner is serving a seven-year prison term pursuant to a 2010 conviction in the Orange County Superior Court. (ECF No. 1 at 1.) He challenges a December 2012 disciplinary conviction for possession of a controlled substance (methamphetamine) at Avenal State Prison, for which he was assessed a 130-day credit loss. (<u>See</u> ECF No. 1 at 24-31.)

    An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:

    1) Advance written notice of the charges;

    2) An opportunity, when consistent with institutional safety and correctional goals, to call

1

witnesses and present documentary evidence in his or her defense;

    3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

    4) That the findings of the prison disciplinary board be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Here, the petition and attachments show that petitioner received advance written notice of the charge. (See ECF No. 1 at 24.)

Petitioner submitted written declarations from inmate witnesses, two of whom were called to testify at his disciplinary hearing. (Id. at 25.) Additionally, he asserts:

> Petitioner informed the SHO [Senior Hearing Officer] that at the time of his May 2012 preliminary hearing, Correctional Officer L. Barker testified that one of the two bindles suspected of containing a controlled substance tested positive for pseudoephedrine (a legal substance), that the field test on bindle number two showed positive for methamphetamine, and that he combined the two different substances before forwarding [them] to the Department of Justice Forensic Laboratory where it tested positive for methamphetamine.
>
> Petitioner requested that Correctional Officer [Barker] appear as a witness [at] the December 29, 2012 disciplinary hearing. The request was denied without explanation, and neither the request or denial of [this witness] is . . . referenced in the [hearing report].

(Id. at 7-8.) "[A]n inmate is allowed to present witnesses when to do so does not threaten institutional safety or correctional goals." Bostic v. Carlson, 884 F.2d 1267, 1271 (9th Cir. 1989). If prison officials deny a prisoner's request to call a witness at a disciplinary hearing, they must provide the prisoner with an adequate justification for denying the request. Id.

Petitioner also presented documents prepared by a private investigator working on his behalf. (Id.) The hearing officer accepted these declarations and documents as evidence. (Id. at 25-26.)

Having reviewed the evidence, the hearing officer found that a "preponderance of evidence" existed to find petitioner guilty of possession of a controlled substance. (Id. at 28.) He summarized the evidence as follows:

> Inmate Miller himself, along with his witnesses, admits he possessed the bindle, which was later discovered to contain methamphetamine. While Miller claims he picked the bindle up

        while cleaning his bunk area, this does not negate the fact that he was in possession of the bindle which was discovered to contain methamphetamine.

(Id.) Petitioner received a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. (Id. at 29.)

        Based on the above, the undersigned concludes that the petition should go forward on petitioner's claim that prison officials denied his request to call Officer Barker as a witness without adequate justification. As plaintiff is plainly not entitled to habeas relief on any other basis, his other claims should be summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

        Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner is granted leave to proceed in forma pauperis (ECF No. 2);

    2. The Clerk of Court shall assign a district judge to this action;

    3. Respondent is directed to file a response to petitioner's habeas petition within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254;

    4. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

    5. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter; and

    6. The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General.

////

////

////

1    IT IS HEREBY RECOMMENDED THAT all claims in the petition be summarily dismissed except for petitioner's due process claim that prison officials denied his request to call Officer Barker as a witness without adequate justification.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 7, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/mill2405.100