UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION F. MILLER, JR., | No. 2:15-cv-2405 KJM CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R. RICKLEY, | |
| Respondent. | |

I. Introduction

    Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges a December 2012 disciplinary conviction for possession of a controlled substance at Avenal State Prison, for which he lost custody credits. (Id.) On March 21, 2016, the district judge assigned to this action summarily dismissed all petitioner's claims except one: that prison officials denied his request to call a witness without explanation, violating his federal right to due process. (ECF No. 11.)

    Before the court is respondent's motion to dismiss the remaining claim under 28 U.S.C. § 2254, Rule 4, on the ground that it is barred based on independent and adequate state grounds. (ECF No. 10.) Petitioner has opposed the motion. (ECF No. 12.) For the reasons set forth below, the undersigned will recommend that respondent's motion be granted.

1

II. Background

Petitioner was found guilty of possession of a controlled substance on December 29, 2012. (ECF No. 1 at 28.) He challenged the disciplinary conviction by filing an administrative appeal, Log No. ASP-13-00106; however, that appeal was cancelled at the third level of review because petitioner failed to correct the appeal and return it to the reviewer within prescribed time constraints.[1] (Id. at 108, 145.)

Petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court challenging the December 2012 disciplinary conviction. (ECF No. 10-1.) The petition was transferred to the Kings County Superior Court, which denied the petition on May 20, 2015. (ECF No. 10-2.) The superior court found that "[t]he record in this case establishes that Petitioner did not administratively exhaust his claims through the Third Level of Review in accord with the provisions of the California Code of Regulations, Title 15, Section 3084, et seq." (ECF No. 10-2 at 2.)

Petitioner next filed a habeas petition in the California Court of Appeal, Fifth Appellate District, challenging the 2012 disciplinary conviction. (ECF No. 10-3.) The petition was summarily denied on August 7, 2015. (ECF No. 10-4.)

Petitioner filed a state habeas petition in the California Supreme Court, which was denied on November 10, 2015, with a citation to In re Dexter, 25 Cal. 3d 921, 925-26 (1979) (holding that, as a general rule, a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies).[2] (ECF Nos. 10-5 & 10-6.)

---

[1] The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2013). The inmate is required to complete a formal appeals process: (1) a first-level appeal, to be conducted by the division head or his or her designee; (2) a second-level appeal, to be conducted by the hiring authority or his or her designee; and (3) a third-level appeal, to be conducted by the Office of Appeals in Sacramento, California. Id., § 3084.7. To begin the appeals process, an inmate must use a CDCR form 602 and describe the specific issue and the relief requested. Id., § 3084.2(a). The third-level appeal response constitutes the decision of the Secretary of CDCR, and completes the appeals process. Id., § 3084.7(d)(3).

[2] "The California Supreme Court's citation to In re Dexter signifies that the court did not reach

On November 19, 2015, petitioner filed the instant federal petition challenging the 2012 disciplinary conviction.

III.  Analysis

A.  Procedural Default

Respondent argues that the petition should be dismissed on the ground that petitioner's claim is barred on independent and adequate state grounds.  Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  See, e.g., White v. Lewis, 874 F.2d 599, 602–03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Tran v. Sherman, 2015 WL 5102879, *1 (E.D. Cal. Aug. 31, 2015) (same).

A federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims on a state law ground that is independent of federal law and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  The doctrine of procedural default is based on the concerns of comity and federalism.  Id. at 730-32.  Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar."  Harris v. Reed, 489 U.S. 255, 263 (1989).  Here, the California Supreme Court's citation to Dexter indicates that petitioner's claim was denied for failure to exhaust administrative remedies.

For a state procedural rule to be "independent," the state law basis for the decision must not rest primarily on federal law or be interwoven with federal law.  Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir. 1996), quoting Coleman, 501 U.S. at 735.  The California Supreme Court has indicated that the administrative exhaustion requirement for prisoners does not rely on federal law, but is based on state law and regulations.  Dexter, 25 Cal.3d at 925; see McCann v. Hill, 2011 WL 6750056, *3 (E.D. Cal. Dec. 22, 2011) ("California's administrative exhaustion rule is

---

the merits of petitioner's claims because he had failed to exhaust his administrative remedies." Davis v. Swarthout, 2012 WL 244211, *2 (E.D. Cal. Jan. 25, 2012)), citing Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc).

3

based solely on state law and is therefore independent of federal law."). Courts in this district have "regularly relied on the independence of Dexter as a state procedural bar." Tran, 2015 WL 5102879, *2 (collecting cases). Thus the state courts' decision under Dexter is independent of federal law.

Second, a federal court may only impose a procedural bar on claims if the procedural rule that the state used is adequate to support the judgment. To be adequate, "the state's legal grounds for its decision must be firmly established and consistently applied." King v. LaMarque, 464 F.3d 963, 965 (9th Cir. 2006). California's rule that an inmate must exhaust his administrative remedies is well-established and has been consistently applied by California courts since 1941. Abelleira v. District Court of Appeal, 17 Cal.2d 280, 292–293 (1941); see Tran, 2015 WL 5102879, *3 (collecting cases).

In light of the above, several Eastern District decisions have concluded that claims dismissed with a citation to Dexter are procedurally barred from federal habeas review. E.g., Tran, 2015 WL 5102879; McCann, 2011 WL 6750056, *4; Patterson v. Mendoza–Powers, 2009 WL 277502 (E.D. Cal. 2009); Parks v. Sullivan, 2008 WL 3409909 (E.D. Cal. 2008). But see Vera v. Adams, 2013 WL 6196534, *8 (E.D. Cal. Nov. 27, 2013) ("[I]t is unclear whether a citation to Dexter is an independent and adequate state procedural ground upon which the petition was denied, or whether it is simply an indication that the claims were unexhausted."). Similarly, the undersigned concludes that Dexter is an independent and adequate state ground under the procedural bar doctrine.

B. Cause and Prejudice

When a claim is rejected on independent and adequate state grounds, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993), citing Coleman, 501 U.S. 722. The cause standard requires petitioner to show that "some objective factor external to the defense impeded counsel's efforts to construct or raise the claim." McCleskey v. Zant, 499 U.S. 467, 493 (1991) (internal quotations omitted). "Objective factors that constitute cause

include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." Id. at 494 (internal quotations omitted). "Once the petitioner has established cause, he must show actual prejudice resulting from the errors of which he complains." Id., citing United States v. Frady, 456 U.S. 152, 168 (1982) (internal quotations omitted).

Here, petitioner's third-level appeal of his December 2012 disciplinary conviction was cancelled on September 10, 2013 for "failure to correct and return a rejected appeal within 30 calendar days of rejection." (ECF No. 1 at 108.) The reviewer explained: "The appeal package was screened back to you on May 22, 2013. It was next received in our office on September 4, 2013. This exceeds the time constraints to submit for third level review." (Id.)

Opposing the motion to dismiss, petitioner states that in April 2013, he was transferred from Avenal State Prison, where the challenged disciplinary conviction occurred, to Folsom State Prison. (ECF No. 12 at 7.) In April and May 2013, he received notifications that his appeal was cancelled for missing certain "necessary supporting documents." (Id.) Petitioner states that, between April and August 2013, he made several attempts to obtain the missing documents from prison officials at Avenal. (Id. at 7-8.) In August 2013, he received a staff response stating that the documents were not in his file. (Id. at 8.) On September 10, 2013, petitioner's third-level appeal was cancelled. (Id. at 8.)

Petitioner challenged the cancellation of his appeal, exhausting this second grievance on November 25, 2013. (See id. at 145.) Prison officials concluded that "Log No. ASP-13-00106 was appropriately cancelled at the Third Level of Review." (Id.; ECF No. 1 at 102.) In the November 2013 decision, the Appeal Examiner wrote:

> The appellant alleges the appeal was delayed due to information not being provided to him by [Avenal] staff via [Folsom] staff. However, the examiner notes the CDC Form 115, Rules Violation Report and related information regarding the . . . incident in question was provided to the appellant no later than January 9, 2013. More specifically, the attached CDC 115 clearly supports the appellant was provided a final copy and all information regarding that incident . . . on January 9, 2013. Therefore, it is noted that appellant had the ability to submit his appeal issue . . . within the

5

required time frames for submitting the appeal.

(ECF No. 1 at 102.)

Based on this record, petitioner has not shown he was "precluded from pursuing his administrative remedies or that factors beyond his control prevented him from administratively exhausting his claim." See Patterson, 2009 WL 277502, *2.  Thus petitioner has not shown cause and prejudice sufficient to excuse the procedural default.  Nor has he shown that this court's failure to review his claim will result in a fundamental miscarriage of justice.

Accordingly, respondent's motion to dismiss petitioner's remaining claim as procedurally barred should be granted.

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 10) be granted and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 12, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ mill2405.mtd_fr